Minshall, J.
The case below was brought into the court of common pleas on appeal from the judgment of a justice of the peace. The suit was upon a joint and several promissory- note for the sum of $50, made July 4, 1878, by Levi "Wyman and Harvey Robbins, payable one day after date, to D. B. Dyer or order, and bearing interest at eight per cent. The plaintiff averred ownership of the note and asked judgment for the amount with interest.
Service was made upon Harvey Robbins only, who answered, that he is liable merely as surety on the note for his co-maker, Levi Wyman; and that it has been paid and compensated in the following manner : That the plaintiff became the owner of the note by a transfer from her husband Joseph Wyman, who had become the owner of it after maturity by a transfer from the payees. That while her husband, Joseph Wyman, was the owner of it, he was indebted to Levi Wyman in a large sum, by the latter paying for him as his surety, a note to the "Vinton County Bank, for which he had never been indemnified, and that' this indebtedness of . Joseph Wyman to Levi Wyman existed before and during the entire time the note was held by the former. The plaintiff demurred to the answer as insufficient to constitute a defense; the demurrer was sustained, and, the defendant not desiring to plead further, judgment was entered for the plaintiff for the amount of the note with interest, less some small payment that had been made-. The defendant excepted and prosecuted error to the *103 circuit court, where the judgment was reversed and the cause remanded for further proceedings.
The answer of the defendant, the substance of which has been stated, constitutes, as we think, a defense to the action, and we, therefore, see no error in the judgment of the circuit court- reversing- that of the common pleas. The answer is based upon an application of the provisions of section 5077, Revised Statutes, to the facts as pleaded. The section reads as follows : “When cross-demands have existed between persons, under such circumstances that if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death, but the two demands must be deemed compensated, so far as they equal each other.”
Its application to the facts of the answer, is found in the fact, that, if Joseph Wyman had brought suit upon the note at any time during the period that he owned it, Levi Wyman, the principal, would have had the right to set off the indebtedness of Joseph to him, and' thereby compensate the claim against him; and, Robbins being a surety, would have had the same right; for whatever discharges the principal, discharges the surety. By the statute this defense cannot be defeated by an assignment, and the claim sued on must be regarcled-as compensated by the debt due the principal maker of the note; as by the averment, it more than equals the claim of the plaintiff.
It is claimed, however, that this section is not applicable to the case; that, the action being on a promissory note indorsed after maturity, only such defenses can, under section 3173, Revised Statutes, *104 be made to it, as would have been available in a suit by the payee against the maker. This section, among other things, provides, that if a note be indorsed or delivered after the day on which it is made payable, and the indorsee institute an action upon it, “the defendant shall be allowed to set up any defense he might have made, had the action been instituted in the name and for the use of the person to whom the note * * * was originally made payable.” There is nothing in the language of this section that precludes the application of section 5077 to the transfer of a note or bill of ex-chang-e after its maturity. It is true, that the latter section applies' only to assignments, but while every assignment is not an indorsement in the legal sense, yet every indorsement is an assignment — a transfer of the title to a chose in action. In an indorsement the chose is assigned to the indorsee with a conditional liability on the ' part of the indorser to the indorsee, unless the indorsement is so restricted as to exclude this liability. Therefore section 5077 includes in its terms the assignment of a note by indorsement. But it is argued that section 3173 should be read as an exception to the more general rule of section 5077. We see no reason for supposing that such was the intention of the legislature. The latter is the newer section, was introduced by the code of civil procedure, is equitable and just in its nature, and, had the legislature intended that it should be limited so as not to apply to negotiable instruments after due, it is reasonable to suppose that an express limitation to that effect would have been made, and that it would not have been left as a mere matter of inference. It introduces no greater ■inconvenience than must always attend the taking *105 of a note or other negotiable instrument after its maturity. This can only be done with safety by inquiring of the maker, whether he has any defense to it. It can make no difference how many intermediate holders there may have been of the paper, no inquiry is required of or concerning them. The maker, or party bound to pay, knows whether he has a cross-demand against the payee or any of the subsequent holders; and. unless he informs the party when inquired of, that he has, he would not afterwards be permitted to set up such a defense, whatever the fact might be.
Our attention is called to the case of Lillie v. Bates, 3 C. C. Rep. 94. That case was affirmed on error by this court, but not upon the ground it is placed by the learned judge who delivered the opinion in that court. There, to the defense setting up the existence of a cross-demand of the 'defendant,'Lillie, against Fhornhoff and McCabe, while the latter parties held the note sued on, a reply was filed denying its averments. This issue was submitted by the common pleas judge to the jury, under an instruction, that if they found the facts to be as stated, they should find for the defendant. So that under the construction we have placed on the statute, the plaintiff in error, defendant below, had no ground for an exception, and took none. If there was an error of fact, it could only be passed on by the lower courts. So that there being no error of law apparent on the record, this court could have done no more than it did— affirm the judg’ment. It can make no difference what reasons the circuit court may have given for its affirmance, if, upon the record,-the judgment was, as a matter of law, right.

Judgment affirmed.